UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DALE C. EARWOOD | CIVIL ACTION NO. 12-0516 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BODENHEIMER JONES SZWAK & WINCHELL LLP DISSOLUTION & LIQUIDATION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two motions (Record Documents 9 & 23) relating to the pending bankruptcy appeal. The first is a Motion to Dismiss (Record Document 9) filed by Appellee David A. Szwak. The second is a Motion to Supplement Record on Appeal (Record Document 23) filed by Appellant Dale C. Earwood.

In the Motion to Dismiss, Szwak seeks dismissal of the bankruptcy appeal under Bankruptcy Rule 8006[1] due Earwood's failure to file a copy of the transcript of the November 14, 2011 proceeding before Judge Calloway, United States Bankruptcy Judge. See Record Document 9. District courts do "not invariably dismiss for breaches of . . . procedural rules [such as] Rule 8006." In re CPDC Inc., 221 F.3d 693, 698-699 (5th Cir. 2000). Rather, the court must exercise discretion in determining what sanctions are appropriate. See id. at 699. "Dismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion." Id.

The Court has reviewed the record in this matter and finds that dismissal is not the appropriate remedy in this instance. While Szwak argues to the contrary, the Court

---

[1] Federal Rule of Bankruptcy Procedure 8006 requires that "within 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." F.R.B.P. 8006.

believes the record does not support a finding of "prejudice from the delay." Smith v. Schmidt, Nos. 07-126, 07-286, 2007 WL 3342224, *3 (S.D.Tex. Nov. 6, 2007). Additionally, based on the showing made, the Court does not believe that Earwood "has exhibited obstinately dilatory conduct." Id. The Court finds that no sanction is necessary, as the underlying issues can be easily resolved without prejudice or undue hardship.

While Earwood opposed the Motion to Dismiss, he also filed a Motion to Supplement Record on Appeal. See Record Document 23. He seeks leave of court to supplement the record on appeal to include a copy of the transcript regarding statements made by the Bankruptcy Judge on November 14, 2011. See id. The Court believes that allowing Earwood to supplement the record is the appropriate resolution at this time.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 9) is **DENIED** and the Motion to Supplement Record on Appeal (Record Document 23) is **GRANTED**. The November 14, 2011 transcript of the Bankruptcy Court's findings of fact and conclusions of law is hereby added and entered into the record on appeal for all purposes.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of March, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE