UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DALE C. EARWOOD | CIVIL ACTION NO. 12-516 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BODENHEIMER, JONES, SZWAK & WINCHELL, L.L.P. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is an appeal (Rec. Doc. 1) filed by Dale C. Earwood ("Earwood") of an order by Bankruptcy Judge Steven Callaway. The matter was before Judge Callaway on remand from the United States Court of Appeals for the Fifth Circuit. This Court has jurisdiction and authority over this appeal pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rules 8000 et seq.  For the following reasons, the decision of the Bankruptcy Court is **AFFIRMED** and the appeal of that Court's decision is hereby **DENIED**.

**I. BACKGROUND**

The Court is familiar with this case. See David A. Szwak v. Dale C. Earwood, et. al., Civil Action No. 07-2092. In the previous proceeding, this Court affirmed the Bankruptcy Court's decision, but the Fifth Circuit reversed and remanded the proceedings to the Bankruptcy Court. On remand, the Bankruptcy Court denied approval of the proposed compromised settlement with the state court appointed liquidator, Earwood, regarding his original application for recovery of fees, and further ordered Earwood to return the monies paid to him. Earwood now appeals.

*A. Previous Proceedings*

The original petition was filed in the Louisiana First Judicial District Court by Mary Winchell ("Winchell") requesting the appointment of a liquidator to begin the process of

termination of a law partnership. At that time the partnership had only two remaining partners, David Szwak ("Szwak") and Winchell. Earwood was appointed by Judge Garrett of the state court with no opposition from either party. Judge Garrett established a pay range for Earwood between $200 and $250 per hour. The parties agreed that he would be paid $220 per hour.

After the parties agreed on the payment amount, Earwood began "winding down operations of the partnership and liquidating its remaining assets and debts as directed by the State Court." (Rec. Doc. 6 at p. 4). Several conferences were held with Judge Garrett regarding the work being done by Earwood and his compensation. On April 13, 2006, Szwak filed an involuntary bankruptcy petition against the partnership. Winchell and Earwood opposed the bankruptcy and Earwood retained outside counsel. Ultimately, the opposition to the bankruptcy was withdrawn by both Winchell and Earwood and the relief was granted. Subsequently, Earwood filed for compensation under 11 U.S.C. § 543 and 11 U.S.C. § 503 in the amount of $47,189.78. Oppositions to Earwood's requests were filed by the Trustee, the United States Trustee's Office, and Szwak, all stating that compensation should not be provided to Earwood under 11 U.S.C. § 543, or under 11 U.S.C. § 503(b)(3) or (b)(4) because he failed to comply with the requirements provided in § 543 for a superseded custodian.

The Bankruptcy Court originally ruled that Earwood was entitled to compensation, yet also stated that he was an inappropriate choice as a liquidator of the partnership. The court even went as far as to state that Earwood's services were purposeless, and in fact contrary to the best interests of the partners and the clients. The Bankruptcy Court reduced the rate of payment to $100 an hour and agreed to pay Earwood's attorneys, Davidson,

Jones & Summers, APLC. On appeal, this Court affirmed that decision.

On appeal, the Fifth Circuit found that the Bankruptcy Court committed two legal errors in its original ruling: (1) allowing a settlement that included compensation to Earwood for his opposition to the bankruptcy, and (2) "refus[ing] to apply a 'benefit to the estate' analysis regarding Earwood's services." In Re: Bodenheimer, Jones, Szwak & Winchell, L.L.P., 592 F.3d 664, 674-675 (5th Cir. 2009). Accordingly, the Fifth Circuit vacated the orders of the Bankruptcy court and reversed and remanded the case to the Bankruptcy Court for further proceedings in accordance with their opinion.

*B. Bankruptcy Court Remand Proceedings*

On remand, the Bankruptcy Court acknowledged the legal error regarding payment to a state court appointed liquidator. However, the Court maintained that it correctly analyzed the facts in its original ruling and noted that the Fifth Circuit did not reverse that determination. Accordingly, the Bankruptcy Court denied the **proposed compromise settlement** regarding Earwood's *Application to Recover His Fees As Liquidator of the Partnership and Superseded Custodian of the Bankruptcy Estate,* pursuant to §§ 543(c)(2), 503(b)(3)(E) and 503(b)(4) and Federal Bankruptcy Rule 2016; denied Earwood's **original** Application to Recover His Fees As Liquidator of the Partnership and Superseded Custodian of the Bankruptcy Estate, pursuant to §§ 543(c)(2), 503(b)(3)(E) and 503(b)(4) and Federal Bankruptcy Rule 2016; disallowed Earwood's Proof of Claim No. 12-1, as amended by Proof of Claim 12-2; required Earwood to pay Szwak the full sum of $38,999.68; and ordered Earwood was not required to pay Szwak $6,237.85 that was paid directly by the bankruptcy estate trustee to Davidson, Jones & Summers, APLC.

*C. Instant Appeal to the District Court*

Earwood filed the instant appeal with this Court requesting a review of the Bankruptcy Court's ruling, on two issues: (1) his Request for Payment of an Administrative Expense under §§ 543(c)(2), 503(b)(3)(E) or 503(b)(4) could be approved and paid (2) his Proof of Claim 12 or Amended Proof of Claim 12-1 could be allowed under Bankruptcy Code § 502.[1]

## II. STANDARD OF REVIEW

This Court reviews the findings of fact by the Bankruptcy Court for clear error. See In re San Patricio County Cmty. Action Agency, 575 F.3d 553, 557 (5th Cir. 2009). Issues of statutory interpretation are reviewed de novo. See In re Nowlin, 576 F.3d 258, 261 (5th Cir. 2009)). Mixed questions of law and fact are reviewed de novo. See In re Foster Mortgage Corp., 68 F.3d 914, 917 (5th Cir. 1995).

## III. LAW AND ANALYSIS

In its opinion, the Fifth Circuit clearly provided that the "benefit to the estate" analysis applies to "services of pre-petition liquidators and post-petition custodians." In Re: Bodenheimer at 673. Therefore, like the Bankruptcy Court, this Court will analyze this legal issue de novo.

*A. Can Earwood's Request for Payment of an Administrative Expense under §§ 543(c)(2), 503(b)(3)(E) or 503(b)(4) be approved and paid?*

---

[1] If the Court were to agree with Earwood's second premise, it would need to determine if the Bankruptcy Code §§ 726(a)(1)-(3) allows for payment of the claim. The Court rejects Earwood's argument regarding the second issue, so this question is moot. See Infra.
Earwood also brings alternative arguments stating that "no compensation leads to absurd consequences" and that judicial and collateral estoppel provisions should apply to this matter. This Court has reviewed these arguments in full and finds no merit in them.

Earwood requested compensation for administrative expenses in the following amount: (1) $47,189 for compensation for a period of January 17, 2006 to June 2, 2006; (2) reimbursement of "actual and necessary out-of-pocket expenses" in the amount of $549.78; and (3) $23,227.85 for the period of April 21, 2006 to June 28, 2006, which was paid to the law firm of Davidson, Jones and Summers. While the Bankruptcy Court originally did not believe that Earwood's work benefitted the estate, it nonetheless approved a compromise settlement regarding the amount owed on the belief that Earwood should be paid even though his work did not benefit the estate. On appeal, the Fifth Circuit held that the Bankruptcy Court **must** apply the "benefit to the estate" requirement prior to determining what, if anything, is owed to pre-petition liquidators and post-petition custodians and remanded the case to reconsider the issue. See In re Bodenheimer, 592 F.3d at 673 (emphasis added).

On remand, the Bankruptcy Court stated that it had erred in its conclusions of law, but not in its factual determination, that Earwood's work, both pre-petition and post-petition did not benefit the estate. It therefore held that Earwood was not entitled to compensation under 11 U.S.C. § 543(b) because he failed to comply with the requirements established by the statute, including failing to file a final accounting and failing to provide the Trustee with the money he collected until the Bankruptcy Court finally issued an order requiring him to do so.

This Court concurs with the Bankruptcy Court's conclusion that Earwood was not an independent contractor. Rather, Earwood was initially a court-ordered liquidator and later a superseded custodian. As such, he did have a right to a superseded custodian

claim, but not a gap claim. However, because Earwood failed to comply with the requirements for compensation under 11 U.S.C. § 543(c) or § 503(b)(3) or (4), and the estate did not benefit from his services, he is not entitled to compensation under the binding precedent of the Fifth Circuit. See In re Bodenheimer. Therefore, Earwood's appeal requesting compensation under §§ 543(c)(2), 503(b)(3)(E) or 503(b)(4) is **DENIED**.

*B. Can Earwood's Proof of Claim 12 or Amended Proof of Claim 12-1 be allowed under Bankruptcy Code § 502?*

The Bankruptcy Court found that a claim would be inappropriate under Bankruptcy Code § 502 because, while Earwood's claim was appropriately filed under §§ 543(c), 503(b)(4), and 503(b)(3), it is not proper as a general, unsecured claim under §502.[2] This Court agrees. Earwood's work failed to benefit the estate. Earwood is not entitled to compensation under §§ 543(c), 503(b)(4), and 503(b)(3).

The Fifth Circuit clearly provided that the "benefit to the estate" regime must be used to determine if compensation is appropriate. See In re Bodenheimer at 673. The appeal regarding Earwood's Proof of Claim 12 or Amended Proof of Claim 12-1 under Bankruptcy Code § 502 is therefore **DENIED**.

## CONCLUSION

For the forgoing reasons, the Court hereby **DENIES** all claims asserted in the appeal filed by Earwood and **AFFIRMS** the factual findings and rulings of the Bankruptcy Court.

---

[2] While this factual finding of no benefit to the estate may be harsh in that Earwood is not entitled to compensation, Earwood's attempt to manipulate the Bankruptcy Code and scope of a § 502 general, unsecured claim is simply not appropriate and is an approach this Court declines to follow.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** this 16th day of September, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE